IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| DILLARD, WILLIE LEE<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al<br><br>Defendants. | Case No.: Case No.: 8:22-cv-1277-PX |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT TALISHA WALKER'S MOTION TO DISMISS

NOW COMES Defendant TALISHA WALKER, by and through undersigned counsel and pursuant to F. R. Civ. P. 12(b)(6), hereby moves this Honorable Court to dismiss claims of negligence against her in Plaintiff's complaint, with prejudice.  In further support of the instant motion, Defendant Walker hereby states the following:

Introduction:

Plaintiff filed suit in the District Court of Maryland for Prince George's County subsequent to a December 23, 2019, motor vehicle accident between a Washington Metropolitan Area Transit Authority (hereinafter "WMATA") Metro Access vehicle operated by Talisha Walker and a car driven by Plaintiff.  Plaintiff named WMATA and Talisha Walker as defendants herein.

Defendant WMATA, removed the instant matter to the United States District Court for the District of Maryland pursuant to MD CODE ANN., TRANS ART., §10-204(81) (2016) (The United States District Courts shall have original jurisdiction … of all actions brought by or against the Authority [and any] such action initiated in a State … court shall be removable to the appropriate

United States District Court].

Facts

Plaintiff alleges that he sustained personal injuries when the MetroAccess vehicle operator by Defendant Walker was involved in a collision with a car driven Plaintiff. Plaintiff also alleges that at the time of the collision, Defendant Walker was an employee of WMATA. Furthermore, the Plaintiff alleges that Defendant Walker was acting within the scope of, and in the course of, her employment with WMATA at the time of the collision.

Standard of Review

"The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir.2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." F. R. Civ. P. 8(a)(2) (2016). Nevertheless, "Rule 8(a)(2) … requires a showing, rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009). In the instant matter, Defendant Walker is entitled to a dismissal of the Complaint against her.

Argument

WMATA is a tri-jurisdictional government agency of Maryland, Virginia, and the District of Columbia. *See Smith,* 290 F. 3d. 205-06 (4th Cir. 2002); *Martin v. WMATA,* 667 F. 2d 435, 436 (4th Cir. 1981); *Morris v. WMATA,* 781 F.2d. 218, 220 (D.C. Cir. 1986); *WMATA v. Barksdale-Showell,* 956 A.2d. 16, 20 (D.C. 2009); *James v. WMATA,* 649 F. Supp. 2d 424, 429

2

(D. Md. 2009). It was created by interstate compact in order to provide mass transit in the Washington D.C. Metropolitan Area. *Id.* Because WMATA is a governmental agency, it is immune from lawsuit except to the extent that its sovereign immunity is waived. *Barksdale-Showell,* 956 A.2d at 20; *see also Delon Hampton & Assocs., Ctd. v. WMATA,* 943 F. 2d 355, 359 (4th Cir. 1991) *citing Beatty v. WMATA,* 860 F.2d 1117, 1126 (D.C. 1988). Section 80 of the WMATA Compact states:

> The Authority shall be liable for its contracts and for its torts and those of its directors, officers, <u>employees and agents committed in the conduct of any proprietary function</u>, in accordance with the law of the applicable signatory (including rules on conflict of laws), but shall not be liable for any such torts occurring in the performance of a governmental function. <u>The exclusive remedy for such breach of contracts and torts, for which the Authority shall be liable, as herein provided, shall be by suit against the Authority.</u>

MD CODE ANN., TRANS ART., §10-204(80) (2016); *see also* D.C. CODE §9-1107.01(80) (2016). Vehicle operations have been determined to be a proprietary function. *See Burkhart v. WMATA,* 112 F.3d 1207, 1217 (D.C. Cir. 1997); *see also Bah v. WMATA,* 2015 WL 898207 (D. Md. February 27, 2015) ([o]perating a bus is a proprietary function). Defendant Walker was operating WMATA's MetroAccess vehicle at the time of the collision. Defendant Walker was in the course of, and within the scope of, her employment with WMATA at the time of the collision. Accordingly, the Complaint against Defendant Walker is not legally viable and must be dismissed. This has been previously held by this Court in *Marbury v. WMATA, No. DKC-13-0832, 2013 WL 2285436, at *2 (D.Md. May 22, 2013). See also Allen v. Washington, et al. No. GJH-18-00034 (D.Md. April 30, 2018).*

Conclusion

For the reasons advanced above, Defendant Talisha Walker respectfully moves this

Honorable Court to dismiss Plaintiff's Complaint against her with prejudice.

                Respectfully submitted,

                WASHINGTON METROPOLITAN AREA
                TRANSIT AUTHORITY

        By:    */s/ Sarah E. Allison*
                Sarah E. Allison #20455
                Senior Counsel
                Office of General Counsel 7E
                PO BOX 44390
                WASHINGTON DC 20026-4390
                (202) 962-6090 (phone)
                (202) 962-2550 (facsimile)
                eallison@wmata.com

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Motion was served on May 27, 2022 on:

Christopher L. Beard
P.O. Box 2271
170 West St.
Annapolis, MD 21404-2271

                */s/ Sarah E. Allison*
                Sarah E. Allison